IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES TOBEY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0154 |
| | § | |
| ATWOOD OCEANICS, INC., *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This Jones Act and maritime case is before the Court on the Motion for Summary Judgment [Doc. # 10] filed by Defendant Atwood Oceanics, Inc. ("AOI"), to which Plaintiff Charles Tobey filed a Response [Doc. # 24], and AOI filed a Reply [Doc. # 27]. Also pending is the Motion for Summary Judgment [Doc. # 21] filed by Defendant Atwood Oceanics Management, Ltd. ("AOML"), to which Plaintiff filed a Response [Doc. # 26] that adopted the arguments advanced in opposition to AOI's Motion.[1] Having reviewed the full record and applied governing legal authorities, the

---

[1] Also pending is the Motion to Dismiss [Doc. # 11] filed by Atwood Oceanics Pacific Ltd. ("AOPL"), to which Plaintiff filed a Response [Doc. # 25], and AOPL filed a Reply [Doc. # 27]. Although AOPL moved for dismissal on the basis of the lack of personal jurisdiction, AOPL raised the statute of limitations defense in its Answer [Doc. # 6]. Because the Court concludes that Plaintiff's claims in this lawsuit are barred by the statute of limitations, the Court will not address whether there is personal jurisdiction over AOPL.

Court **grants** Defendants' Motions and dismisses this case with prejudice as barred by the applicable statute of limitations.

## I. BACKGROUND

Plaintiff is a citizen of Louisiana. AOI is a Texas corporation, AOML is a Texas limited partnership, and AOPL is a corporation incorporated under the laws of the Cayman Islands with its principal place of business in Malaysia. AOI is the corporate parent of AOPL.

Plaintiff alleges that he slipped and fell while working on a Mobile Offshore Drilling Unit known as the "ATWOOD FALCON" in January 2006. In September 2006, Plaintiff filed a lawsuit in the United States District Court for the Western District of Louisiana ("the Louisiana Suit") against AOI. Plaintiff alleged that AOI was his employer and the owner of the ATWOOD FALCON at the time of the accident. In November 2007, Plaintiff amended the Louisiana Suit to add AOPL and AOML as defendants.

After a full opportunity to conduct discovery in the Louisiana Suit, the judge there determined that the Western District of Louisiana lacked personal jurisdiction over AOPL. *See* Ruling issued October 20, 2008, Exh. E to Motion [Doc. # 11]. The Louisiana judge also determined that it lacked personal jurisdiction over AOI and dismissed the case against AOI without prejudice. *See* Judgment entered October 30,

2008, Exh. E to Motion [Doc. # 11].  The judge in Louisiana also granted summary judgment for AOML.  *See* Docket Sheet for Louisiana Suit, Entry # 76, attached to Plaintiff's Response [Doc. # 24].  Plaintiff did not appeal from the rulings in the Louisiana Suit.

On January 18, 2010, almost fifteen months after the dismissal of the Louisiana Suit, Plaintiff filed his Complaint [Doc. # 1] in this Court against AOI and AOPL.  On June 9, 2010, Plaintiff filed an Amended Complaint [Doc. # 16] adding AOML as a defendant.

## II.   STANDARD FOR SUMMARY JUDGMENT

All three Defendants in this case have asserted the statute of limitations as an affirmative defense.  "For a defendant to obtain summary judgment on an affirmative defense, it must establish beyond dispute all of the defense's essential elements." *Bank of Louisiana v. Aetna U.S. Heathcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (citing *Martin v. Alamo Community Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)). There exists a dispute precluding summary judgment if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).  The facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party.  *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336

F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

### III. ANALYSIS

A three-year statute of limitations applies to claims under the Jones Act, 45 U.S.C. § 56, and under general maritime law, 45 U.S.C. § 30106. *See Taruel v. Central Gulf Lines, Inc.*, 947 F.2d 769, 771 (5th Cir. 1991). Plaintiff alleges an injury occurring in January 2006. This lawsuit was filed in January 2010, four years later. As a result, absent a basis for avoiding the application of the three-year statutes of limitations, Plaintiff's claims in this case against all three Defendants are time-barred.

Plaintiff first argues that the Louisiana statute tolling a statute of limitations during the period of time a lawsuit is pending in a court of competent jurisdiction and venue, citing article 3462 of the Louisiana Civil Code. In actions arising under federal

laws such as the Jones Act that contain specific limitations periods, however, "state savings clauses such as this one have no applicability." *See Valentin v. Ocean Ships, Inc.*, 38 F. Supp. 2d 511, 514 (S.D. Tex. 1999) (discussing the Texas savings statute and citing *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946)).

Plaintiff also argues that he is entitled to the benefit of equitable tolling of the statute of limitations. "Given the policies favoring limitation periods, federal courts have typically extended equitable relief only sparingly." *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 267 (5th Cir. 1991) (quoted in *Jones v. Tidewater Marine LLC*, 262 F. App'x 646648 (5th Cir. Jan. 29, 2008)). Because equitable tolling is the exception and not the rule, "a plaintiff wishing to avail himself of such relief bears the burden of demonstrating sufficiently rare and exceptional circumstances that would warrant application of the doctrine." *Gibson v. Deep Delta Contractors, Inc.*, 2000 WL 28174, *5 (E.D. La. Jan. 14, 2000) (internal quotations and citations omitted); *see also Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007); *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). Factors to consider when deciding whether to apply equitable tolling to a statute of limitations include "diligence on the party of the party bringing the action" because "equity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).

In this case, the Louisiana Suit was dismissed in October 2008 and Plaintiff did not file the case in this court until January 2010, almost fifteen months later. Plaintiff offers no explanation for this significant delay. The Court finds that the delay is unreasonable and is not an indication of diligence on Plaintiff's part. The Court notes by analogy that, in cases where a federal court dismisses pendent state law claims after the federal claims are dismissed prior to trial, the statute of limitations is tolled for only thirty days. *See* 28 U.S.C. § 1367(d). Moreover, federal courts have refused to apply equitable tolling in cases involving delays between dismissal of a lawsuit filed within the statute of limitations and a subsequently-filed lawsuit that are significantly less than the fifteen months present in this case. *See, e.g., Weathers v. Bean Dredging Corp.*, 26 F.3d 70, 73 (8th Cir. 1994) (affirming district court's decision not to apply equitable tolling where plaintiff "waited over four months to file the present suit"); *Arawole v. Hemingway*, 2006 WL 2506972, *3 (N.D. Tex. Aug. 11, 2006) (refusing to apply equitable tolling where plaintiff failed to show "why he delayed [over two months] from the April 20 dismissal of the prior suit until June 28 to file the new complaint").

Plaintiff has failed to demonstrate that he exercised diligence in pursuing his claims after the Louisiana Suit was dismissed in October 2008. Plaintiff has also failed to demonstrate that there are "rare and exceptional circumstances" in this case

P:\ORDERS\11-2010\0154MsSJ.wpd   100830.1016

6

that warrant the application of equitable tolling. As a result, the Court concludes that equitable tolling does not apply and this lawsuit, filed a year after the statute of limitations expired, is time-barred.

## IV. CONCLUSION AND ORDER

Plaintiff's lawsuit was filed beyond the three-year statute of limitations and he has not demonstrated a basis for the application of equitable tolling. As a result, Defendants are entitled to summary judgment on the statute of limitations issue and Plaintiff's lawsuit will be dismissed with prejudice as time-barred. It is, therefore, hereby

**ORDERED** that AOI and AOML's Motions for Summary Judgment [Docs. # 10 and # 21] are **GRANTED** and this case is **DISMISSED WITH PREJUDICE** as time-barred. It is further

**ORDERED** that AOPL's assertion of the statute of limitations as an affirmative defense is sustained and its Motion to Dismiss based on personal jurisdiction [Doc. # 11] is **DENIED AS MOOT**.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **30th** day of **August, 2010**.

_____
Nancy F. Atlas
United States District Judge